UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES NICOLAIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1936 CAS |
| | ) | |
| BALCHEM CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404, filed by defendant Balchem Corporation ("Balchem"). Plaintiff Charles Nicolais opposes the motion, which is fully briefed and ripe for review. For the following reasons, the Court will grant defendant's motion to transfer to the United States District Court for the Southern District of New York.

### *Background*

According to the Amended Complaint, plaintiff was President and Chief Executive Officer of Performance Chemical & Ingredients Company d/b/a SensoryEffects ("SensoryEffects"). SensoryEffects is in the food and beverage manufacturing industry and was founded by plaintiff in 2005. On March 31, 2014, Balchem signed a Stock Purchase Agreement ("SPA") with SensoryEffects and its shareholders (including plaintiff and 12 others) for the purchase of all of the outstanding capital stock of SensoryEffects, which occurred on May 7, 2014. As a condition of the closing, plaintiff executed a three-year employment agreement with Balchem dated May 7, 2014 (the "Employment Agreement"). Plaintiff alleges in his Amended Complaint that Balchem imposed

intolerable working conditions on him that were contrary to representations and promises Balchem made during the contract negotiations. As a result, plaintiff tendered his resignation on June 2, 2014.

A copy of the Employment Agreement is attached to plaintiff's Amended Complaint. The Employment Agreement provides in pertinent part that:

> This Agreement shall be governed by and construed in accordance with the laws of the State of New York. The parties, being desirous of having any disputes resolved in a forum having a substantial body of law and experience with matters contained herein, agree that any action or proceeding with respect to this Agreement shall be brought in the Supreme Court of the State of New York, County of Orange, or in the United States District Court of New York, and the parties agree to the jurisdiction thereof.

Doc. 38, Ex. 2 at 6. Despite this language in the Employment Agreement, plaintiff brought suit against defendant in the Eastern District of Missouri for fraudulent inducement (Count I), breach of the Employment Agreement by terminating his employment (Count II), constructive termination under the Employment Agreement (Count III), and unjust enrichment (Count IV), all of which relate to plaintiff's employment with Balchem. In addition to damages, plaintiff seeks a declaratory judgment that he did not misrepresent his "intention to fulfill a purported 'three year commitment to continue at SensoryEffects,'" that he "did not breach the Employment Agreement," and that he "is not bound by the restrictive covenants set forth in . . . the Employment Agreement." Doc. 38 at 28.

*Discussion*

In its motion, defendant seeks to have this case transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The Supreme Court has instructed that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atlantic Marine Const. Co. v. United States Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 581 (2013). "[W]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." Id. at 583. In a case not involving a forum-selection clause, a district court must evaluate both the convenience of the parties and various public-interest considerations. Id. at 581.

If there is a valid forum-selection clause, however, the district court must adjust its usual § 1404(a) analysis in a number of ways. "First, the plaintiff's choice of forum merits no weight." Id. Instead, as the party "defying" the clause, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. Second, a district court "should not consider arguments about the parties' private interests." Id. at 582. Once parties agree to a forum-selection clause, "they waive the right to challenge the preselected forum as inconvenient," and the district court may consider public-interest factors only. Id. What is more, public-interest factors "will rarely defeat a transfer motion" with "the practical result . . . that forum-selection clauses should control except in unusual cases." Id. A third difference, which does not appear to be a factor in this case, is that "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules – a factor that in some circumstances may affect public-interest considerations." Id. (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, n.6 (1981)). "[P]roper

application of §1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." Id. at 579 (internal citations omitted).

Plaintiff makes two legal arguments against transfer. First, he argues that the forum selection clause in the Employment Agreement should be held to be invalid and unenforceable because he alleges a claim in his Amended Complaint that he was fraudulently induced to enter into that agreement. Second, he argues that the forum selection clause in the Employment Agreement does not control because it conflicts with the forum selection clause in the SPA.

### A.   The Validity of the Forum Selection Clause in the Employment Agreement.

Plaintiff first argues that he did not agree to the forum selection clause in the Employment Agreement because the agreement was obtained by fraudulent misrepresentations and, therefore, the forum selection clause contained in that agreement is invalid. Before addressing the merits of this argument, the Court must decide what law to apply in this diversity case. The Eighth Circuit has indicated its general agreement with the proposition that in a diversity case federal law controls whether a forum selection clause applies, Rainforest Café, Inc. v. EklecCo, L.L.C., 340 F.3d 544, 546 (8th Cir. 2003) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31–32 (1988)), but it has not definitively so held and consequently the application of state or federal law appears to be an open question. Id. Here, plaintiff relies on federal law regarding the validity of the clause, while defendant contends that the Employment Agreement has a choice-of-law provision and, therefore, New York law governs. Defendant points out, however, that both New York and Missouri "have adopted the federal standard and recognize forum selection clauses are enforceable." See Doc. 41 at 6. The parties have not argued that application of state law would result in a materially different

outcome, and the Court will examine the issue under federal law. See Rainforest Café, 340 F.3d at 546.

Under federal law, "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972)). Plaintiff argues that the clause in the Employment Agreement is invalid because he entered into the agreement as a result of fraudulent misrepresentations. The Eighth Circuit has held that fraud will only render a forum selection clause invalid "if the inclusion of that clause in the contract 'was the product of fraud or coercion.'" Marano Enters. of Kans. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001) (quoting Scherk v. Alberto–Culver Co., 417 U.S. 506, 519 n. 14 (1974)). As the Supreme Court explained:

> [F]orum-selection clauses "should be given full effect" when "a freely negotiated private international agreement [is] unaffected by fraud . . . ." This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.

Scherk, 417 U.S. at 519 n.14 (internal citations omitted). The Eighth Circuit in Marano Enterprises squarely held that raising a claim of fraud in a contract dispute is not enough to defeat a forum selection clause. 254 F.3d at 757. In that case, the plaintiff, like Nicolais, made allegations in its complaint that it was induced by fraud to enter into contracts containing forum selection clauses. Id. Finding that there was no suggestion in the complaint or briefs that the forum selection clauses "were inserted into the agreements as a result of fraud," the Eighth Circuit flatly rejected the plaintiff's

argument that it could avoid the forum selection clauses because it asserted there was fraudulent inducement. Id.

In the case at bar, the Court has carefully reviewed plaintiff's Amended Complaint, and finds plaintiff does not allege that the forum selection clause in the Employment Agreement was obtained through fraud, but rather plaintiff asserts that he entered into the SPA, and consequently the Employment Agreement, based on defendant's fraudulent misrepresentations regarding what his role would be in the company following the purchase of SensoryEffects. Plaintiff makes many detailed allegations about what the alleged misrepresentations were, but there are no allegations in the Amended Complaint concerning a forum selection clause. Morever, plaintiff's Memorandum in Opposition to the Motion to Transfer does not explain in what way fraud was committed with respect to the forum selection clause. Indeed, according to his own Amended Complaint, plaintiff is a sophisticated businessman, who negotiated many of the terms of the SPA and the Employment Agreement, with the assistance of counsel. As a result, the Court concludes there is nothing to indicate that the inclusion of the forum selection clause in the Employment Agreement was the product of fraud or coercion and, therefore, under Supreme Court and Eighth Circuit precedent the clause is presumed valid. See Scherk, 417 U.S. at 519 n.14, Marano Enters., 254 F.3d at 757, M.B. Restaurants, 183 F.3d at 752.

Citing to a case from this district, Alberici Constructors, Inc. v. Oliver, No. 4:11-CV-744 (CEJ), 2012 WL 2191280, at *2 (E.D. Mo. June 14, 2012), plaintiff argues that the forum selection clause in the Employment Agreement is unenforceable because he has "assert[ed] an affirmative claim for fraudulent inducement supported by particularized allegations." Doc. 46 at 11 (emphasis added). Plaintiff also argues in opposition to transfer that he can avoid the forum selection clause,

6

because defendant made multiple misrepresentations <u>before</u> the execution of the agreements regarding how SensoryEffects would operate after the purchase, and had plaintiff known these representations were false, he would not have entered into the SPA or the Employment Agreement. Plaintiff's argument is contrary to well-settled law, and the Court does not find it to be persuasive. As stated above, the case at bar is indistinguishable from <u>Marano Enterprises</u> 254 F.3d at 757. The Court declines to follow <u>Alberici Constructors, Inc.</u>. Furthermore, as defendant points out, all claims of fraud must be pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure and, by definition, fraudulent inducement occurs prior to the execution of the contract. Plaintiff's argument is without merit, and the Court finds the forum selection clause in the Employment Agreement is valid.

### B. Reconciling the Forum Selection Clause in the Employment Agreement with the Forum Selection Clause in the SPA.

In his second argument, plaintiff reasons that the forum selection clause in the Employment Agreement does not control because it conflicts with the forum selection clause contained in the SPA.[1] Plaintiff argues that the forum selection clause in the SPA is permissive, which conflicts with the Employment Agreement's mandatory forum selection clause. Therefore, according to plaintiff,

---

[1] The SPA provides, in relevant part:

> any legal suit, action or proceeding arising out of, relating to or based upon this agreement or the transactions contemplated hereby, (whether in contract or in tort, in law or in equity) may be instituted in the Court of Chancery in the State of Delaware or, if that court does not have jurisdiction, in the federal courts of the United States of America located in the City of Wilmington, Delaware, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding . . .

Doc. 46, Ex. A at 80.

the presence of two conflicting forum-selection clauses renders both unenforceable, and defendant's motion to transfer should be denied. Alternatively, plaintiff argues that the SPA is the operative or unifying agreement in this case and, consequently, its forum selection clause should control. He points out that the SPA required execution of the Employment Agreement and, therefore, contends the Employment Agreement was a "transaction contemplated" by the SPA and disputes regarding the Employment Agreement fall under the SPA's forum selection clause. Doc. 46, Ex. A at 80. Furthermore, he argues that because the SPA's forum selection clause is permissive, plaintiff is not prohibited from filing suit in this district.

The Court does not find either of plaintiff's arguments to have merit. First, the Court finds no authority to support plaintiff's contention that if there are two distinct forum selection clauses in two arguably controlling contracts, neither clause is operable. Contrary to his assertion, the case plaintiff cites in support of this argument, Public School Retirement System v. State Street Bank and Trust Co., No. 09-4214-CV-C-NKL, 2010 WL 318538, at *3 (W.D. Mo. Jan. 21, 2010), does not stand for the proposition that a court should ignore two forum selection clauses to which the parties have agreed, should the clauses differ. Rather, the district judge noted that when faced with differing forum selection clauses in multiple agreements, "it is appropriate to construe those contracts together unless they indicate a contrary intent." Id. (citing Richard A. Lord, Williston on Contracts § 30:26). In other words, a court should attempt to reconcile terms in the agreements before rejecting one or more of the forum selection clauses, as plaintiff urges.

Second, the Court rejects plaintiff's contention that the forum selection clauses in the Employment Agreement and the SPA are incompatible. According to plaintiff, the forum selection clause in the SPA is permissive – suits may be brought in Delaware or elsewhere – and the forum

8

selection clause in Employment Agreement is mandatory – suits must be brought in New York. Therefore, according to plaintiff, they are in direct conflict with each other. The Court does not agree that the clauses are contrary to each other. Plaintiff urges the Court to view the Employment Agreement as part of the SPA, and then advocates for ignoring the forum selection clause in the Employment Agreement. But if the two agreements are part of the same transaction, as plaintiff suggests, one does not subsume the other, but rather under basic rules of contract interpretation, the documents should be read together. Restatement (Second) of Contracts § 202 (Am. Law Inst. 1981) ("A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together."). Furthermore, the language of the documents should not be read in a vacuum, but "[w]ords and other conduct are interpreted in the light of all the circumstances . . . ." Id.

Here, the parties knew there was a forum selection clause in the SPA, but subsequently they agreed to the Employment Agreement with an arguably more restrictive forum selection clause. It is reasonable to conclude then, that the parties intended that suits involving the Employment Agreement would be brought in New York, which would be allowed under the ostensibly permissive forum selection clause found in the SPA.[2] This interpretation gives "reasonable, lawful and effective meaning to all the terms" in both agreements, which "is preferred to an interpretation which leaves a part unreasonable, unlawful or of no effect." Restatement (Second) of Contracts § 203. Plaintiff's argument flies in the face of basic contract interpretation, as he would have the Court ignore one or both of the forum selection clauses to which the parties agreed. In addition, the Employment

---

[2]As an alternative argument in its reply memorandum, defendant reasons that the forum selection clause in the SPA is not permissive, but rather mandatory. But, defendant argues, the forum selection clause in the Employment Agreement is still controlling in this dispute. Neither party is advocating for transfer to Delaware, and the Court need not resolve this issue in deciding the pending motion to transfer.

9

Agreement and the forum selection clause contained therein are more specific, and according to the Restatement, specific terms should be given greater weight. Id. See also McWane, Inc. v. Lanier, 2015 Del. Ch. LEXIS 24, *35 (January 30, 2015) ("[h]aving explained at length that these two agreements are complementary and not conflicting, I conclude that the only reasonable way to interpret these clauses is that the mandatory trumps the permissive. Thus, in a situation – such as the one before me – where a dispute relates to both contracts, the mandatory Delaware forum selection clause controls.")

The Court finds that despite plaintiff's spin to the contrary, the majority of the claims in this suit relate to the Employment Agreement, not the SPA. Only Nicolais and Balchem are parties to this suit, not the numerous other signatories of the SPA. Plaintiff brings claims seeking damages under the Employment Agreement for "Breach of the Employment Agreement" (Count II), "Constructive Termination" of plaintiff's employment under the Employment Agreement (Count III), and "Fraudulent Inducement" to enter into the Employment Agreement (Count I). Plaintiff further seeks a declaratory judgment (Count IV) that he did not misrepresent his "intention to fulfill a purported 'three year commitment to continue at SensoryEffects'" pursuant to the Employment Agreement, that he "did not breach the Employment Agreement," that he did not breach his fiduciary duties owed as a high-ranking employee of Balchem "via what Balchem claims was his 'abrupt resignation from SensoryEffects . . .'" and that he "is not bound by the restrictive covenants set forth in . . . the Employment Agreement." Doc. 38 at 28. Considering the nature of this litigation, the Court believes transfer to New York pursuant to forum selection clause in the Employment Agreement is warranted, as plaintiff has not carried his burden and shown otherwise.

*Conclusion*

In sum, defendant has presented evidence of a valid forum selection clause. Plaintiff argues he entered into the contract with the forum selection clause as a result of fraudulent misrepresentations, but he has not alleged that the forum selection clause was included as a result of fraud. Under the terms of the forum selection clause in the Employment Agreement, plaintiff agreed to litigate any disputes with defendant regarding his employment in New York. For whatever reason, plaintiff chose to bring suit in this United States District Court sitting in Missouri. The Court, however, cannot give any deference to plaintiff's choice of forum. It is clear from the record that the subject matter of this dispute falls within the scope of the forum selection clause. The gravamen of plaintiff's claims relate to his employment with or separation from Balchem and they are, therefore, subject to the forum selection clause. Finding defendant has presented evidence of a valid forum selection clause, and that plaintiff has presented no arguments demonstrating transfer is unwarranted, the Court grants defendant's motion to transfer to the United States District Court for the Southern District of New York.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Balchen Corporation's motion to transfer venue under 28 U.S.C. § 1404 to the United States District Court for the Southern District of New York is **GRANTED.** [Doc. 40]

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1404, the Clerk of Court shall transfer this case to the United States District Court for the Southern District of New York.

A separate Order of Transfer shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of October, 2015.